**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**Columbus Franklin Kinley II**                                                                 **Plaintiff**

**v.**                                          **No. 5:15-CV–090-SWW-JTK**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                          **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge

Susan W. Wright.  A party to this dispute may file written objections to this

recommendation.  An objection must be specific and state the factual and/or legal basis

for the objection.  An objection to a factual finding must identify the finding and the

evidence supporting the objection.  Objections must be filed with the clerk of the court

no later than 14 days from the date of this recommendation.[1]  The objecting party must

serve the opposing party with a copy of an objection.  Failing to object within 14 days

waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Wright

may adopt the recommended disposition without independently reviewing all of the

record evidence.

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections
waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Colombus Franklin Kinley II seeks judicial review of the denial of his second application for social security disability benefits.[3]  Kinley last worked as a deliveryman for a seed company.[4]  He was terminated for missing work days due to illness.[5]  Kinley sought other employment, but was unsuccessful.  He applied for disability benefits and based disability on a heart murmur, nerve problems, high blood pressure, bleeding ulcers, and colon problems.[6]

**The Commissioner's decision**.  The ALJ identified ulcerative colitis and adjustment disorder with anxiety and depression as severe impairments.[7]  The ALJ determined Kinley can do some unskilled light work.[8]  After consulting a vocational expert, the ALJ determined jobs exist that Kinley can do and denied the application.[9]

---

[3]SSA record at p. 98 & 105 (applying on Mar. 5, 2012 and alleging disability beginning Dec. 25, 2011); *id*. at p. 124 (prior claim alleged disability beginning Aug. 2, 2009); *id*. at p. 128 (prior claim denied on Jan. 28, 2010).

[4]*Id*. at pp. 33, 133 & 138.

[5]*Id*. at pp. 33 & 132.

[6]*Id*. at p. 132.

[7]*Id*. at p. 14.

[8]*Id*. at p. 16.

[9]*Id*. at p. 20.

After the Appeals Council denied review,[10] the ALJ's decision became the

Commissioner's final decision for the purpose of judicial review.[11]  Kinley filed this case

to challenge the decision.[12]  In reviewing the decision, the court must determine

whether substantial evidence supports the decision and whether the ALJ made a legal

error.[13]  This recommendation explains why substantial evidence supports the decision

and why the ALJ made no legal error.

**Kinley's allegations**.  Kinley challenges most aspects of the ALJ's decision:

(1) the consideration of ulcerative colitis, (2) the evaluation of his credibility, (3) the

weight given to medical opinions, (4) the determination that he can do light work, and

(5) the jobs the vocational expert identified.  He contends substantial evidence does not

support the decision.

---

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

**Applicable legal principles**.  For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Kinley can do some light unskilled work.[14]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[15]  The ALJ placed the following requirements on light work:

(1) no climbing ladders/ropes/scaffolds;

(2) no exposure to hazards;

(3) incidental interpersonal contact;

(4) one or two step tasks that can be learned and performed by rote;

(5) little required judgment;

(6) simple, direct, concrete supervision; and

(7) SVP of 1 or 2 and can be learned in 90 days.[16]

The first two requirements flowed from physical impairment; the last five, from mental impairment.  A reasonable mind will accept the evidence as adequate to support the decision for the following reasons:

1.  **Kinley's physical impairment responds to treatment**.  Under social security law, an impairment that can be controlled by treatment or

---

[14]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[15]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[16]SSA record at p. 16.

medication is not considered disabling.[17]  The year before he was
terminated, Kinley experienced periodic bouts of abdominal pain,
diarrhea, and nausea.  Initially, he was treated for gastroenteritis —
irritation of the digestive tract[18] — but later, a diagnostic testing showed
colitis — inflammation of the colon.[19]  Symptoms of colitis include
diarrhea, abdominal pain, rectal bleeding, weight loss, and fatigue.  "Most
people go though periods of remission followed by periods of flare-ups
when symptoms worsen."[20]  Treatment focuses on controlling symptoms
to improve quality of life. [21]

Medical records show treatment controlled Kinley's symptoms, but Kinley
lacked medical insurance.  He sought treatment for flare-ups, but received
no regular treatment.  During the 23 months for which benefits were
denied, Kinley went to a hospital emergency room five times for colitis
symptoms; diagnostic testing showed no colitis.[22]  Except for a visit when
his blood pressure was very high, he was treated and released.  Two
weeks before the hearing, a primary care physician characterized colitis as
stable.[23]  A reasonable mind will accept the evidence as adequate to
support the decision because it shows Kinley's symptoms can be
controlled by treatment.

2. **Inconsistency supports the credibility evaluation**.  Before determining

---

[17]*Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004); *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[18]SSA record at p. 209 (Dec. 1, 2010), p. 375 (Dec. 4, 2010), p. 207 (Dec. 17, 2010) & p. 218 (Jan. 9, 2011).

[19]*Id*. at p. 265 (Dec. 22, 2010).

[20]Davidson, Tish, Colitis, 2 The Gale Encyclopedia of Med. 1073 (4th ed.).

[21]*Id*. at p. 1071.

[22]SSA record at p. 532 (Aug. 9, 2012), p. 528 (Sept. 10, 2012), p. 401 (Sept. 13, 2012), p. 518 (Jan. 16, 2013) & p. 445 (Mar. 4, 2013).

[23]*Id*. at p. 511 (May 13, 2013).

a claimant's ability to work, an ALJ must evaluate the claimant's credibility because subjective complaints play a role in determining the ability to work.[24] An ALJ may discount a claimant's subjective complaints based on inconsistencies in the evidence as a whole.[25]

The ALJ properly discounted Kinley's testimony about the severity of his symptoms based inconsistency. Kinley testified that he experienced 40 bowel movements daily,[26] but medical evidence provided no basis for such severe symptoms. Diagnostic tests were negative. Six weeks later, he reported 5 bowel movements per day. The temporal proximity of these inconsistent reports, and the results of diagnostic testing, undermine Kinley's credibility.

3. **The ALJ properly reconciled medical opinion evidence**. Kinley complains because the ALJ discounted the first medical examiner's report and relied on the second medical examiner's report. The ALJ must resolve conflicts in medical opinions to determine a claimant's ability to work.[27] The ALJ may reject a doctor's report if it is inconsistent with the record as a whole.[28]

Kinley underwent two agency physical exams. The first one occurred two weeks after Kinley applied for disability benefits; the second one occurred six weeks after the hearing. The first examiner reported severe limitations

---

[24]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005).

[25]*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[26]SSA record at p. 39.

[27]*Dipple v. Astrue*, 601 F.3d 833, 836 (8th Cir. 2010) (ALJ must resolve differences between medical evaluations in light of objective evidence); *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (ALJ must resolve conflicts in medical opinions).

[28]*Pearsall*, 274 F.3d at 1219 ("The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole.").

as to the body as a whole due to abdominal pain, nausea, and diarrhea.[29]
The second examiner reported that Kinley can lift/carry 20 pounds
frequently and up to 100 pounds occasionally, walk/stand for 6 hours/day,
and sit for 8 hours/day.[30]  The reports created a conflict for the ALJ to
resolve.

The ALJ gave the first examiner's report little weight because the
examiner relied heavily on Kinley's subjective reports.[31]  As noted by the
ALJ, the first examiner's medical findings were relatively normal in
contrast to the reported limitation.  Little weight was appropriate.[32]

The ALJ gave the second examiner's report more weight, but discounted it
to the extent it was consistent with more than light work due to Kinley's
history of ulcerative colitis.  The discounted report, diagnostic test results,
and treatment history support the determination that Kinley can do light
work.  To the extent Kinley relies on his doctor's description of his colitis
as severe,[33] that description characterized his condition at that time and
reflected a need for treatment; hospital admission was driven by
uncontrolled blood pressure.[34]  Testing showed no colitis.[35]

   4.  **The ALJ's accounted for mental impairment**.  Kinley didn't rely on
mental impairment, but he vaguely challenges the ALJ's reliance on
agency mental health experts.  The reliance was proper.

---

[29]SSA record at p. 280.

[30]*Id*. at p. 556.

[31]*Id*. at p. 17.

[32]*Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (ALJ is entitled to discount
treating physician opinion when it's based largely on claimant's subjective complaints
rather than on objective medical evidence).

[33]SSA record at p. 484.

[34]*Id*. at p. 454.

[35]*Id*. at pp. 445 & 473.

Kinley underwent a mental health evaluation at the first physical examiner's recommendation. The mental examiner reported mild limitations in processing efficiency, but opined that Kinley could cope with the mental cognitive demands of work like tasks.[36] According to the examiner, Kinley would have no difficulty with routine basic tasks. Agency mental health experts determined Kinley can do work involving: (1) incidental interpersonal contact; (2) tasks learned and performed by rote; (3) few variables; (4) little judgment; and (5) simple, direct, concrete supervision.[37] The ALJ's mental requirements are consistent with these requirements.

5. **Vocational evidence supports the decision**. After determining the claimant's ability to work, the ALJ determines whether the claimant can do his past work.[38] To do so, the ALJ consults a vocational expert or another resource like the Dictionary of Occupational Titles (DOT).[39]

In this case, the ALJ questioned a vocational expert about Kinley's past work. Because the vocational expert classified past work as heavy work, the ALJ determined Kinley could no longer do his past work. The ALJ then asked about available unskilled light work. The vocational expert identified price tag ticketer, fast food worker, and cashier II.[40] Kinley says he can't do these jobs, but his argument relies on his testimony about his symptoms. The ALJ properly discounted his testimony. He suggests the vocational expert's testimony conflicts with the DOT, but he does not identify a conflict. The court need not address an unidentified conflict.[41]

---

[36]*Id*. at pp. 291-92.

[37]*Id*. at pp. 300 & 328.

[38]20 C.F.R. §§ 404.1560 & 416.960.

[39]*Id*.

[40]SSA record at p. 51.

[41]*See Vandenboom v. Barnhart*, 421 F.3d 745, 749 (8th Cir. Iowa 2005) ("We reject out of hand [the claimant's] conclusory assertion that the ALJ failed to consider whether he met listings…because ] [he] provides no analysis of the relevant law or facts

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision.  The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Kinley's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 25th day of May, 2016.

_____

United States Magistrate Judge

---

regarding these listings."); *Weikert v. Sullivan*, 977 F.2d 1249, 1254 (8th Cir. 1992) (failing to raise argument during administrative proceeding ordinarily prevents judicial review of an issue).